Clem B. McCLELLAND, Appellant,

v.

Frank BRISCOE et al., Appellees.

No. 14065.

Court of Civil Appeals of Texas.

Houston.

July 13, 1962.

Rehearing Denied Sept. 13, 1962.

———◆———

J. Edwin Smith, Jack J. Rawitscher, Houston, Smith & Lehmann, Houston, of counsel, for appellant.

Samuel H. Robertson, Jr., Carl E. F. Dally, Gus J. Zgourides, Asst. Dist. Attys., Houston, for appellees.

BELL, Chief Justice.

This is a companion case to cause No. 14053, Tex.Civ.App., 359 S.W.2d 635.

After the Court of Inquiry had been conducted for several days, the Grand Jury of Harris County returned nine (9) indictments against appellant, he being named as co-indictee with other people not necessary to be named. Appellant, thereafter on June 22, filed in the same case originally filed by him, what is denominated a "Supplemental Petition." In it he alleges the fact of the return of the indictments and states that he and his co-indictees now stand as accused in the investigation being conducted. He then urges, by reference, all of the allegations in his Original Petition and that to continue the inquiry in the light of the return of the indictments would deprive him of all the privileges, rights and immunities guaranteed him under the Constitutions of Texas and the United States and would deny him due process of law under the Constitution of the United States and due course of the law of the land under the Constitution of Texas. He then alleged the Court of Inquiry has only recessed and will reconvene July 2, 1962. (As noted in our opinion in Cause No. 14053, it has now been recessed to August 2, 1962.) Prayer is for a temporary injunction to restrain further proceedings in the Court of Inquiry.

Appellees answered challenging the jurisdiction of the trial court because the appeal in cause No. 14053 in this Court had been perfected.

The court, after a hearing, refused the injunction.

█ The court correctly overruled appellees' plea to the jurisdiction. Where grounds for a temporary injunction arose subsequent to the hearing on the original application for a temporary injunction and after the court had acted on the original application, the court had jurisdiction over the proceeding based on such subsequent developments.

A hearing was had on the Supplemental Petition. In it appellee Briscoe testified that before the Court of Inquiry was called he had had two witnesses appear before the Grand Jury. One of these was the bookkeeper of a banking institution, and one was an employee of appellant's office. Further, he testified that prior to the Court of Inquiry he had taken no records before the Grand Jury relating to the Probate Court. During June 14 through June 18 a number of witnesses were examined by Mr. Briscoe in public. The witnesses were all those called to the stand by him and they were the ones subpoenaed by the Court at his request. Neither appellant nor his counsel was allowed to cross-examine the witnesses. The witnesses answered only questions asked by Mr. Briscoe. Mr. Briscoe did not concede appellant had the right to call witnesses. He did not remember that appellant requested to be allowed to call any. During the questioning of other witnesses appellant was not allowed to be present. Before the Court of Inquiry convened, only a few witnesses had been interviewed. He did not know what the testimony would be. A Grand Jury was in session.

A part of the transcript of the testimony developed at the Court of Inquiry was carried "physically" to the grand jury room. The transcript was not submitted to the Grand Jury nor were excerpts read from it. It was not left with the Grand Jury. No witness appeared before the Grand Jury after the Court of Inquiry and before indictments. The files of one witness were

available to Mr. Briscoe before the Court of Inquiry was held. The Court of Inquiry was public and was covered by television, radio, photographers and the press. Mr. Briscoe stated he was not responsible for television being there.

It was stipulated that nine (9) indictments had been returned in which appellant was a co-indictee.

What we have said in cause No. 14053 is applicable here and need not be repeated.

■ The only new facts alleged relate to the return of indictments against appellant that makes him an "accused." It is not alleged and is not evidenced by testimony that the Court of Inquiry will further inquire into the matters that are the subject matter of the indictments. No proper purpose could be thus served. We must presume appellees as public officials will not transcend their authority. However, as to other unrelated matters, it is permissible for the inquiry to continue. As to other matters inquiry would be within the purpose of the statute so long as it does not transcend the scope of the inquiry as defined by the order calling it.

On this appeal appellant argues orally that the evidence shows that the inquiry was used purely for the sake of exposure and this is not constitutionally permissible. No authorities are cited. The authorities we have read correctly so holding are those where a witness in a Congressional committee hearing has been held not to be in contempt for refusing to answer questions that were beyond the scope of legitimate inquiry by the committee. We do not mean to limit the constitutional protection to just such a situation. Here, however, there is no pleading that the Court of Inquiry will be employed to force disclosure purely for the sake of exposure. If there were any allegation or showing that the matters that are the subject matter of the indictments would be the further subject of inquiry, such a complaint would be valid.

The judgment of the trial court is affirmed.